NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ALPHONSO TAYLOR, *Appellant*.

No. 1 CA-CR 18-0690
FILED 11-7-2019

Appeal from the Superior Court in Maricopa County
No.  CR2013-003380-001
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Michael J. Dew, Phoenix
*Counsel for Appellant*

Alphonso Taylor, San Luis
*Appellant*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Chief Judge Peter B. Swann joined.

---

**T H U M M A,** Judge:

**¶1** This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Alphonso Taylor has advised the court that, after searching the entire record, he is unable to discover any arguable questions of law and filed a brief requesting this court conduct an *Anders* review of the record. Taylor was given the opportunity to file a supplemental brief pro se and has done so. This court has reviewed the record and finds no reversible error. Accordingly, Taylor's conviction and resulting sentence are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2** In June 2013, while in line at a truck stop in Maricopa County, an undercover drug enforcement detective overheard Taylor say, while talking on the phone, "I am here in Arizona. I'm dealing with the Soul Brothers." The detective had investigated the Soul Brothers, a motorcycle club, for brokering drug deals. Accordingly, the detective and his partner decided to conduct surveillance on Taylor. After gathering further background information, the officers obtained a warrant to place a GPS tracking device on Taylor's semi-truck.

**¶3** Within days of placing the device on his semi, Taylor drove the truck in a "suspicious driving pattern" to a vacant industrial area. There, a silver minivan pulled up next to the semi. The officers saw Taylor speaking with the men who got out of the minivan. Taylor then opened a rear door of the semi and later drove away, eastbound on Interstate 10.

**¶4** The primary investigating officer called highway patrol officers informing them the truck was potentially involved in suspicious

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89 (1997) (citation omitted).

activity and asked them to conduct a vehicle safety inspection stop. After an officer pulled Taylor over on Interstate 10 and completed a safety inspection, the officer requested Taylor's consent to a search of the semi. When Taylor refused, the officer called for a K-9 unit and the dog hit on two spots on the outside of the semi.[2] Inside the trailer, the officers found 13 black duffel bags filled with 594 pounds of marijuana.

**¶5** Taylor was arrested and given *Miranda* warnings. After the other officers arrived, Taylor stated he was willing to talk. When asked how the bags of marijuana ended up in his truck, Taylor said "they must have loaded them while it was parked at the truck stop," explaining that "they" meant "a guy named Mike from Michigan [who] comes out here and must have loaded the bags into my trailer." Taylor said his co-driver was not involved in what was going on and she had only been hired to pick up what the officer described as "legitimate" loads.

**¶6** Law enforcement impounded and inventoried the semi. Core samples were taken from each bag of marijuana. Five samples were analyzed by a forensic scientist and tested positive for marijuana.

**¶7** The State indicted Taylor on: (1) conspiracy to commit transportation of marijuana for sale in an amount over the statutory threshold, a Class 2 felony; (2) illegally conducting a criminal enterprise, a Class 3 felony; and (3) transportation of marijuana for sale in an amount over the statutory threshold, a Class 2 felony. Taylor was released on bond pending trial. Taylor's motion to suppress, claiming the stop was pretextual and lacked reasonable suspicion, was denied after an evidentiary hearing. After several continuances, a six-day trial was held in July 2018. Taylor, who unsuccessfully moved for a judgment of acquittal at the close of the State's case, did not testify or present any evidence, as was his right.

---

[2] Although there was a delay attributed to the K-9 unit request after the completion of the safety inspection, the trial court's ruling finding there was reasonable suspicion for the initial stop is not challenged on appeal. *See Rodriguez v. United States*, 135 S. Ct. 1609, 1614-15 (2015) (holding a seven minute delay caused by a dog sniff after traffic stop was completed required reasonable suspicion); *State v. Lawson*, 144 Ariz. 547, 553 (1985) (noting an arresting officer need not "personally be in possession of all the facts" to form probable cause, as long as collective knowledge exists).

¶8        On the day of the verdict, Taylor did not appear at trial, stating a family member had passed away in Michigan. The jury found Taylor guilty as charged. The jury also found aggravating circumstances of the expectation of pecuniary value and the presence of an accomplice. Taylor was later picked up on a warrant in Michigan and returned to Arizona in August 2018.

¶9        At sentencing, after receiving evidence and hearing argument, the court found Taylor had two prior felony convictions and sentenced him as a Category 2 repetitive offender. The court sentenced Taylor to concurrent less-than-presumptive prison terms of nine years on the Class 2 felony convictions and to a concurrent, presumptive prison term of six and a half years on the Class 3 felony conviction, all with appropriate presentence incarceration credit. This court has jurisdiction over Taylor's timely appeal pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1) (2019).[3]

## DISCUSSION

¶10       The court has reviewed and considered defense counsel's brief and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999) (providing guidelines for briefs when counsel has determined no arguable issues to appeal). Searching the record and briefing reveals no reversible error. In his pro se brief, Taylor argues: (1) the jury instructions were confusing and denied him a fair trial; (2) the evidence was insufficient on all three counts; and (3) there was a defect in the chain of custody when processing seized evidence.

## I.       The Jury Instructions Were Proper.

¶11       Jury instructions must clearly convey the applicable law so as not to "mislead the jury in any way," and courts must be careful to "differentiate between the linguistic universe for lawyers . . . and the linguistic universe for lay persons." *State v. Noriega*, 187 Ariz. 282, 284 (App. 1996). Jury instructions, however, "need not be faultless."*Id.* (quotation omitted); *see also State v. Gallegos*, 178 Ariz. 1, 10 (1994) (noting where jury instructions "are 'substantially free from error,' the defendant suffers no prejudice by their wording.") (quoting *State v. Walton,* 159 Ariz. 571, 584 (1989)).

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶12　　　Taylor argues the jury instructions about the "Absence of Other Participant" and "Conspiracy" "were fatally confusing," because they "permitt[ed] the jury to convict Taylor [under] either . . . absence of other participant [or] conspiracy liability." The "Absence of Other Participant" jury instruction given[4] was not an alternative theory of criminal liability; it instructs the jury to not consider the absence of other potential conspirators at the trial (here, Taylor's co-driver or other people Taylor had contact with while under surveillance) in determining whether the State proved Taylor's guilt beyond a reasonable doubt. Taylor is incorrect in arguing the State impermissibly discussed a dual theory of liability in its closing argument. The State merely illustrated the jury instructions, stating with regard to Taylor's co-driver, "She's not here.  She didn't testify. Why is she not here and why she didn't testify is not something to be considered. We're only here to consider the defendant and what the defendant did in this case." Although Taylor appears to equate "Absence of Other Participant" with accomplice liability, accomplice liability was never discussed at trial.

¶13　　　Taylor also argues the court's conspiracy instruction was improper because it "applied to any 'unlawful conduct' and was not limited to the conspiracy to transport marijuana." However, the instructions given to the jury limited the charge, stating the conduct was limited to transportation of marijuana for sale, with no mention of "any unlawful conduct." Taylor has not shown the court erred in instructing the jury, let alone committed fundamental error resulting in prejudice. *See State v. Escalante*, 245 Ariz. 135, 140 ¶ 12 (2018).

## II.　Sufficiency of the Evidence.

¶14　　　This court will not reverse a conviction "for insufficiency of the evidence unless there is no substantial evidence to support the jury's verdict." *State v. Scott*, 187 Ariz. 474, 477 (App. 1996) (citing *State v. Hallman*, 137 Ariz. 31, 38 (1983)). Substantial evidence is "[m]ore than a scintilla and is such proof as a reasonable mind would employ to support the conclusion

---

[4] "The only matter for you to determine is whether the State has proved the defendant guilty beyond a reasonable doubt. The defendant's guilt or innocence is not affected by the fact that another person or persons might have participated or cooperated in the crime and is not on trial now. You should not guess about the reason any other person is absent from the courtroom."

reached." *State v. Guerra*, 161 Ariz. 289, 293 (1989) (quoting *State v. Tison*, 129 Ariz. 546, 553 (1981)).

**¶15**        Taylor argues he did not know how the marijuana ended up in his trailer. Although the jury was given no evidence of Taylor directly handling the marijuana, circumstantial evidence, such as his comments about the Soul Brothers and other evidence received at trial, is sufficient for the jury to find Taylor knowingly engaged in conspiracy, illegally conducted an enterprise and transported marijuana for sale. Thus, there was sufficient evidence for a jury to find Taylor guilty beyond a reasonable doubt on each of these convictions. *See State v. Spears*, 184 Ariz. 277, 290 (1996) (finding circumstantial evidence was sufficient to support the conviction).

### III.    Chain of Custody.

**¶16**        Taylor argues the superior court erred in not excluding evidence of the marijuana due to a defect in the chain of custody. To be admissible, evidence must be sufficiently authenticated. *See State v. McCray*, 218 Ariz. 252, 256 ¶ 8 (2008). "A trial court's conclusion that evidence has an adequate foundation is reviewed for an abuse of discretion." *Id.* (citing *State v. Romanosky*, 162 Ariz. 217, 224 (1989)). Evidence is properly authenticated when there is "evidence sufficient to support a finding that the matter in question is what its proponent claims." Ariz. R. Evid. 901(a). To establish a chain of custody, a party "must show continuity of possession, but it need not disprove every remote possibility of tampering." *Spears*, 184 Ariz. at 287 (internal quotations omitted).

**¶17**        Taylor argues the State failed to establish a sufficient chain of custody because the officers that handled the bags of marijuana and took the core samples could not remember certain specifics about how they processed the evidence. However, by merely mentioning possible uncertainty and attacking the officers' credibility on appeal with no evidence, Taylor has not shown an abuse of discretion in admitting the evidence. *See McCray*, 218 Ariz. at 256 ¶ 8. Accordingly, Taylor has shown no error regarding the chain of custody.

### CONCLUSION

**¶18**        This court has read and considered the briefs filed by defense counsel and Taylor and has searched the record provided for reversible error. *Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30. From the court's review, the record reveals no reversible error. Instead, the record indicates all proceedings were conducted in compliance with the Arizona Rules of

Criminal Procedure; Taylor was represented by counsel at all stages of the proceedings; the jury was properly instructed and the prison terms imposed are within the statutory ranges. Accordingly, Taylor's convictions and resulting sentences are affirmed.

**¶19** Upon filing of this decision, defense counsel is directed to inform Taylor of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 585 (1984). Taylor shall have thirty days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA